BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
SEAN M. MAZOROL, DISTRICT OF COLUMBIA BAR NO. 90025737
HEATHER S. PATRICCO, DISTRICT OF COLUMBIA BAR NO. 465883
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FNU LNU, a/k/a<br>CARLOS RAMON OBREGON,<br><br>Defendant. | Case No. 4:25-cr-00249-DCN<br><br>**MOTION FOR CRIMINAL FORFEITURE MONEY JUDGMENT** |

The United States moves this Court to enter an Order of Criminal Forfeiture Money Judgment against the Defendant.

**<u>Criminal Forfeiture Money Judgments</u>**

In this case, no specific property is identified for forfeiture; therefore, the United States seeks a forfeiture money judgment. Federal Rule of Criminal Procedure 32.2(b)(1)(A) directs the Court to determine what property is subject to forfeiture "as soon as practical" after a finding of guilt and, if the government seeks a money judgment, the Court "must determine the amount of money that the defendant will be ordered to pay."

The standard criminal forfeiture procedure of preliminary order / ancillary proceeding / final order is unnecessary because there is no specific property subject to forfeiture in which a

third party would have an interest. (*Compare* Fed. R. Crim. P. 32.2(b)(1)(A) (discussing "personal money judgment") with 32.2(b)(2)(A) (referencing "property" subject to forfeiture)). This is further clarified in Criminal Rule 32.2(c)(1) and by the 2000 Committee Notes, which state: "no ancillary proceeding is required to the extent that the order of forfeiture consists of a money judgment. A money judgment is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest." *See United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019) (holding that the United States Supreme Court decision in *Honeycutt* did not undermine forfeiture money judgments and explaining that: a court may order forfeiture in the form of a personal money judgment against the defendant; the government may satisfy the judgment with substitute property it locates in the future; and a contrary rule might allow a defendant to escape the mandatory forfeiture penalty Congress has imposed).

Here, the record establishes the requisite nexus between the forfeiture money judgment amount and the offense, as required by Federal Rule of Criminal Procedure 32.2, and establishes a sufficient factual and legal basis for forfeiture.

The Forfeiture Money Judgment should include, but not be limited to, the following Subject Property and any Substitute Assets.

**Subject Property**:

Unrecovered Cash Proceeds / Money Judgment Amount: At least $283,977.40 in that such sum represents unrecovered proceeds of the offense of conviction obtained by the defendant, or property, derived from or traceable to such proceeds, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

**<u>Nexus and Factual Basis for Forfeiture</u>**

On May 20, 2026, a jury found the Defendant guilty of Counts One through Twenty of the Indictment, to include violations of 18 U.S.C. §§ 2, 641, 1028(a)(1), 1028A, 1343, and 1542. Dkt. No. 50. The Government provided exhibits (Attachments 1-4) during trial that prove the total amount Defendant received in the commission of the convicted crimes. In summary, Exhibit 1307 (Attachment 1) shows a total of $177,516.19 from stolen Supplemental Security Income Payments. Exhibit 1407 (Attachment 2) shows a total of $91,145.21 from stolen Medicaid funds. Exhibit 1408 (Attachment 3) shows a total of $12,116 in stolen SNAP funds. Exhibit 1501 (Attachment 4) shows a total of $3,200 in stolen Economic Impact Payments. All totaling $283,977.40 in stolen funds, therefore the Government seeks a forfeiture money judgment of that amount.

**<u>Statutory Authority</u>**

The Court's forfeiture authority originates from 18 U.S.C. §§ 981(a)(1)(C), 982(a)(6)(a), 1028(b) and provide that, when imposing sentence on any person convicted of a violation of 18 U.S.C. §§ 641, 1028, 1343, and 1542 the Court shall order that the person forfeit to the United States any property, real or personal, tangible and intangible, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense. *See also* 28 U.S.C. § 2461(c).

**<u>Substitute Assets</u>**: Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 21 U.S.C. § 853(m), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of any property that potentially may be forfeited as substitute assets; and (2) to evaluate any third party interests in such property.

Pursuant to Rule 32.2(c)(1) of the Federal Criminal Rules of Procedure, which states that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," the United States will not publish notice of this criminal forfeiture money judgment.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), the United States requests that the Court's Order of Forfeiture state that it is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

A proposed order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 2nd day of June, 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Heather S. Patricco*
HEATHER S. PATRICCO
Assistant United States Attorney