Manuel Murdoch
Attorney At Law
260 N. Broadway
P.O. Box 822
Blackfoot, Idaho 83221
(208) 785-1650

Attorney for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS RAMON OBREGON,<br><br>Defendant. | Case No: CR-25-249<br><br>SENTENCING MEMORANDUM |

COMES NOW MANUEL MURDOCH, attorney for CARLOS RAMON OBREGON, and hereby submits his sentencing memorandum as follows:

**FACTS AND PROCEDURAL HISTORY**

On August 13, 2025, Carlos Ramon Obregon was charged in a 20-count indictment in this court in Case Number CR-25-249. Counts 1-3 charged Carlos with Wire Fraud under 18 USC § 1343. Counts 4-8 charged him with theft of government funds under 18 USC § 641. Count 9 charged him with making a false statement in application and use of a passport under 18 USC § 1542. Count 10 charged him with fraud in connection with identification documents, under 18 USC §§ 2 and 1028(a)(1). with Conspiracy to Distribute Fentanyl under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Counts 11- 20 charged Carlos with aggravated identify theft under 18 § 1028A. The

matter was not resolved by agreement and proceeded to a jury trial, which was held on May 18th through 20th, 2026. Counts 7 and 17 were dismissed by the government prior to trial and Carlos was found guilty of all the remaining counts.

**DEFENDANT'S HISTORY**

Although Carlos was found guilty of unlawfully using the identity of Carlos Ramon Obregon, a deceased person, to receive government benefits, he maintains that he, in fact, is Carlos Ramon Obregon. He was born on November 13, 1963 in East Los Angeles, California, and was sent to live in Mexico at age 12. He recounts that when he was 12 years old, he was shot in the head in a drive by incident and spent months in the hospital recovering. He doesn't have memory of what happened before that time, but he does remember that after he left the hospital, his parents sent him to Mexico to live with his grandparents for a time because they were concerned for his safety after the shooting. They sent him to Mexico with a woman who was supposed to take him to his grandparents' place, but instead, she abandoned him when they crossed the border and left Carlos to fend for himself on the streets. During the next 20 years, approximately, Carlos lived on his own in Mexico, working to get by and traveling throughout the country. Later, he was able to make contact with his father, Carlos Garcia Obregon, who encouraged him to return to the United States because his eyesight was declining and he would be able to get Medicaid help for his condition. In the late 1990's, Carlos Jr. entered the United States with his father, who thereafter presented him with his birth certificate. Carlos lived in San Bernadino, California for a few months, but then moved to Idaho because there was work for him in agriculture. Since then, he has primarily lived in Burley, Idaho, with some short stints in Mexico, Arizona and Oklahoma.

Carlos has two daughters from a relationship he had while living in Mexico, Belen, age 35 and Claudia, age 40, who still reside in Mexico. He maintains contact with them and it is his hope to live with them when he finishes the sentence in this case if he is not able to get disability benefits in the United States.

Carlos has been completely blind since 2015, although prior to that time his eyesight declined considerably. He also suffers from diabetes and high cholesterol. He does not suffer from any known psychological problems. He does not speak much English but is fluent in Spanish.

Up until his arrest, Carlos lived independently in a rented apartment with help from some caretakers and friends who would visit him and help him with housekeeping and shopping. Carlos does not know what happened to his belongings after he was arrested and to his knowledge, his only possessions at this time are his cane and his radio.

**SUMMARY OF THE ARGUMENT**

In this case, the Pre-Sentence Report calculates Carlos' overall offense level at 19 for counts 1-6 and 8-10. A 24-month statutory minimum must be served consecutively on Counts 11-16 and 18-20. The PSR author recommends that the sentences on counts 1-6 and 8-10 run concurrently, and the consecutive 24 months for each of counts 11-16 and 18-20 run concurrently. Further, the PSR places Carlos in criminal history category III, resulting in a suggested guideline imprisonment range of 37 months on counts 1-6 and 8-10. Adding the 24-month consecutive sentence for counts 11-16-and 18-20, results in a total suggested guidelines sentence of 61 months. Nevertheless, Carlos argues that the court should impose a sentence under the suggested guidelines range.

**ARGUMENT**

**I.**

**SECTION 3553(a) CONSIDERATIONS**

18 U.S.C. § 3553(a) directs the court to impose a sentence which is sufficient, but not greater than necessary to achieve the purposes of sentencing. In determining such a sentence, the court is directed to consider, among other things, the items that are discussed below.

The need for the sentence imposed:

1. To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.
2. To afford adequate deterrence to criminal conduct.
3. To protect the public from further crimes of the defendant.
4. To provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

As set forth below, it is clear that a sentence under the suggested guidelines of 61 months will achieve Section 3553(a)'s objectives.

**A. A Sentence Below The Suggested Guidelines Of 61 Months Will Reflect The Seriousness Of The Offense, Promote Respect For The Law And Provide Just Punishment For The Offense.**

A sentence under the suggested guidelines of 61 months will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. The requested sentence reflects the seriousness of the offense under the circumstances of this case.

The requested sentence promotes respect for the law and provides just punishment for the offense. Carlos has been incarcerated for about a year on this case and will serve more after sentencing, which will be a significant period of time by any measure. It certainly will send the message that lawbreaking will be punished. In this case, Carlos' incarceration will result in the loss of his freedom, but also the loss of his ability to cope with his disability in the way he has been accustomed and will cause him significant suffering.

In addition, Carlos' struggles with his blindness should mitigate his sentence in some measure without negating the seriousness of the offense.

Therefore, a sentence under the suggested guidelines range satisfies this objective of sentencing.

**B. The Requested Sentence Will Still Afford Adequate Deterrence To Criminal Conduct.**

The sentence requested by Carlos will afford adequate deterrence to criminal conduct for those who are willing to be deterred. As argued above, given that incarceration is such an undesireable condition and Carlos will still be serving a significant period of incarceration, the Court will make an example of him and provide adequate deterrence to others with a sentence of imprisonment below the suggested guidelines range.

**C. The Sentence Requested By Carlos Will Protect The Public From Further Crimes.**

The sentence requested by Carlos will protect the public from further crimes. Where the offenses in this case all stem from using a false identity to receive financial benefits from the government, surely, Carlos will not be able to use the same identity to receive future benefits from the government. Therefore, society will not be at risk from his actions in the future.

Therefore, the requested sentence satisfies this objective of sentencing.

**D. The Sentence Requested By Carlos Will Provide Him With Needed Educational Or Vocational Training, Medical Care Or Other Correctional Treatment In The Most Effective Manner.**

The sentence requested by Carlos will provide him with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. In this case, Carlos suffers from medical conditions, blindness and hypertension and diabetes that just need to be managed, as they will not be improved by a program of treatment or rehabilitation in prison. Therefore, this objective will be satisfied with a sentence beneath the recommended guidelines sentence.

**CONCLUSION**

Based on the foregoing, Carlos requests that the court impose a sentence that is below the suggested guidelines sentence of 61 months. The requested sentence is justified under the facts and circumstances of this case and will adequately achieve the objectives of sentencing as stated in 18 U.S.C. § 3553(a).

DATED August 10, 2026.

__________/s/_________________
MANUEL MURDOCH
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sean Mazorol
Sean.Mazorol@usdoj.gov

_____________/s/_______________
MANUEL MURDOCH