BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
SEAN M. MAZOROL, DISTRICT OF COLUMBIA BAR NO. 90025737
ASSISTANT UNITED STATES ATTORNEY
BRITTNEY N. CAMPBELL, NORTH CAOLINA STATE BAR NO. 31433
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FNU LNU, a/k/a<br>CARLOS RAMON OBREGON,<br><br>Defendant. | Case No. 4:25-cr-00249-DCN<br><br>**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |

The Defendant comes before the Court having been convicted at trial of multiple crimes related to stealing the identity of a deceased child and hundreds of thousands of dollars in government benefits. The Government recommends that the Court sentence the Defendant to 61 months in prison to be followed by three (3) years of supervised release. The Government also requests restitution and a final order of forfeiture in the amount of $283,977.40.

## BACKGROUND

Based upon evidence presented at trial, Carlos Ramon Obregon was born in 1963 in Los Angeles but was tragically killed in Los Angeles in 1977 at the age of 14 after suffering from a gunshot wound to the head during a drive-by shooting. Obregon was laid to rest at a local cemetery in Los Angeles that same year.

At trial, Obregon's mother testified that Obregon died in 1977. She testified that the Defendant was not her son, and that she did not know the Defendant. The Defendant's true identity remains unknown.

Twenty-three years after Obregon's death, in 2000, the Defendant applied for a replacement social security card using Obregon's social security number, Obregon's date of birth, and Obregon's parents' names.

For more than two decades, the Defendant used Obregon's name and identity to fraudulently obtain numerous government benefits totaling $283,977.40.

Between 2004 and 2025, the Defendant fraudulently applied for, and received, $177,516.19 in Supplemental Security Income (SSI) benefits under Obregon's identity.

Similarly, between 2005 and 2025, the Defendant unlawfully obtained $91,145.21 in Medicaid benefits using Obregon's identity.

From 2009 to 2025, the Defendant unlawfully obtained $12,116 in Supplemental Nutrition Assistance Program (SNAP) benefits using Obregon's identity.

In 2020 and 2021, the Defendant unlawfully received $3,200 in Economic Impact Payments that were paid to otherwise eligible individuals during the COVID-19 pandemic to stimulate the economy.

In 2012, the Defendant applied for, and obtained, a United States passport under Obregon's identity, and traveled multiple times on the passport to Mexico. The Defendant submitted Obregon's birth certificate to obtain the U.S. passport. In 2024, the Defendant sought to renew the passport, which was not issued.

The Defendant also obtained an Idaho state identification card using Obregon's identity in 2002, 2010, and 2014. In 2022, the Defendant obtained a Star Card and submitted Obregon's birth certificate to the Idaho Transportation Department as proof of his identity and lawful presence in the United States.

## APPLICABLE SENTENCING GUIDELINES RANGE

The Presentencing Investigation Report (PSR) correctly calculated the total offense level for Counts 1-6 and 8-10 at 19 as follows:

| | | |
|---|---|---|
| Base Offense Level: | 7 | (§ 2B1.1(a)(1)) |
| Loss Exceeding $250,000: | + 12 | (§ 2B1.1(b)(1)(G)) |
| Total Offense Level | = 19 | |

PSR ¶¶ 30-38. The PSR also correctly calculated Defendant's Criminal History Category at III (PSR ¶¶ 39-47), which yields a guideline range for Counts 1-6 and 8-10 of 37-46 months. (PSR ¶ 64). For Counts 11-16 and 18-20, the guideline sentence is the minimum term of imprisonment required by statute, two years consecutive to any other count. U.S.S.G. § 2B1.6.

Accordingly, the effective guideline range is 61-70 months.

## SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

### A. (1) The Nature and Circumstances of the Offense, and (2) the History and Characteristics of the Defendant

The nature and circumstances of the Defendant's conduct demonstrate a prolonged, deliberate, and calculated scheme to assume the identity of a deceased child and exploit that

identity for personal financial gain. The Defendant's actions were not isolated or impulsive; instead, they spanned more than twenty years and involved repeated efforts to deceive multiple agencies of the United States government, including the Social Security Administration, the Department of Health and Human Services, the Department of State, the Idaho Transportation Department, and the Department of the Treasury.

The Defendant's continued use of Obregon's identity, even after receiving substantial government benefits for decades, underscores both the willfulness of the scheme and the Defendant's willingness to persist in criminal activity. The Defendant's true identity remains unknown, further reflecting a conscious and ongoing effort to conceal his background and avoid accountability.

The Defendant's history and characteristics, as presently known, offer no mitigating explanation for the offense conduct. Instead, the sustained nature of the fraud, the repeated submission of falsified documentation, and the Defendant's successful assumption of a deceased child's identity for years demonstrate a disregard for the law and the rights of the victims, including both the Obregon family and the government agencies defrauded.

**B. (1) The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment, and (2) The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public.**

A significant term of imprisonment is warranted to reflect the seriousness of the Defendant's conduct. Identity theft involving a deceased child is particularly egregious, causing emotional harm to the surviving family and undermining the integrity of government programs designed to support eligible individuals, not those who seek to exploit them fraudulently. The Defendant's years-long scheme resulted in substantial financial losses to federal and state agencies and demonstrates a calculated effort to evade detection.

A guideline sentence is also necessary to promote respect for the law. The Defendant repeatedly ignored legal requirements, used falsified documents to obtain government-issued identification, and traveled internationally under a fraudulently obtained United States passport. Such conduct cannot be excused or minimized; a strong sentence communicates that these acts of deception and abuse of government systems will not be tolerated.

Deterrence is particularly important in cases like this one, where identity theft and benefit fraud present ongoing challenges to federal and state programs. A substantial sentence will serve to discourage others from attempting similar long-term fraud schemes.

**C. The Need to Provide Restitution to Victims.**

This Court should order restitution in the amount of $283,977.40 in the following denominations.

| | |
|---|---|
| Social Security Administration (SSI): | $177,516.19 |
| Idaho Department of Health and Welfare (Medicaid and SNAP): | $103,261.21 |
| Department of Treasury (Economic Impact Payment): | $3,200 |

This is based upon the loss numbers admitted into evidence under Exhibits 1307, 1407, 1408, and 1501. *See also* Order of Criminal Forfeiture Money Judgment, Dkt. 52.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a guideline term of imprisonment of 61 months in prison to be followed by three (3) years of supervised release. The Government also requests restitution and a final order of forfeiture in the amount of $283,977.40.

The Government submits that such sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 10th day of August 2026.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Sean M. Mazorol*
SEAN M. MAZOROL
Assistant United States Attorney
BRITTNEY N. CAMPBELL
Assistant United States Attorney